UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

UNITED STATES OF AMERICA                    JUDGMENT INCLUDING SENTENCE
            -v-                             UNDER THE SENTENCING REFORM ACT

STEPHENSON WATSON                           CASE NUMBER:CR-03-1368(ARR)
------------------------------------------x   ALLEN LASHLEY,ESQ

                                            16 COURT STREET,ROOM 1210

                                            BROOKLYN,NEW YORK 11241
                                            Defendant's Attorney & Address

THE DEFENDANT:

XXX   pleaded guilty to count one of the superseding indictment.
      Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952, 963, 960(b)(1) | CONSPIRACY TO IMPORT | ONE (1) |
| | AT LEAST FIVE KILOGRAMS OF COCAINE & AT LEAST 50 KILOGRAMS OF MARIJUANA. | |

The defendant is sentenced as provided in pages 2 through     of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____  The defendant has been found not guilty on count(s)          and is discharged as
      to such count(s).
XXX   Remaining counts are dismissed on the motion of the United States.
XXX   It is ordered that the defendant shall pay to the United States a special
      assessment of $100.00 which shall be due  XXX immediately  ___  as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #___ __ ____          APRIL 12,2006
                                          Date of Imposition of Sentence
Defendant's Date of Birth 3/14/77

Defendant's Mailing Address:              ALLYNE R. ROSS, U.S.D.J.

1477 EAST 85th STREET,1th FL.             APRIL 12, 2006
                                                Date
BROOKLYN, NEW YORK 11236

Defendant's Residence Address:            A TRUE COPY ATTEST
                                          Date:_____
      ( SAME AS ABOVE )                     ROBERT C. HEINEMANN
                                            CLERK OF COURT

_____          By:_____
                                            DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of six (6)months.

____ The Court makes the following recommendations to the Bureau of Prisons:

____ The defendant is remanded to the custody of the United States Marshal.
____ The defendant shall surrender to the United States Marshal for this district,

       ____ at _____a.m./p.m. on _____.
       ____ as notified by the Marshal.

**XXX** The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

       **XXX** before 12:00 noon on 5/23/06 _____.
       ____ as notified by the United States Marshal.
       ____ as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five(5)years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY. 2) DEFT SHALL NOT POSSESS ANY FIREARMS.

____ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00 , consisting of a fine of $___N/A___ and a special assessment of $ 100.00 .

\_\_\_ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid \_\_\_ immediately
\_\_\_ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

\_\_\_ The interest requirement is waived.
\_\_\_ The interest requirement is modified as follows:

1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   --------------------------------------------x
3   UNITED STATES OF AMERICA,
                    Plaintiff,
4                                               03 CR 1368
5           versus              United States Courthouse
6                               225 Cadman Plaza East
                                Brooklyn, N.Y.  11201
7   STEPHENSON WATSON,
8                   DEFENDANT.
9   --------------------------------------------x
10                                   April 12,  2006
                                     10:35 a.m.
11           TRANSCRIPT OF SENTENCE
    Before:  HON. ALLYNE R. ROSS,
12                              DISTRICT COURT JUDGE
13                      APPEARANCES
14  ROSLYNN R. MAUSKOPF
    United States Attorney - Eastern District of New York
    One Pierrepont Plaza
15  Brooklyn, New York  11201
            STEVEN D'ALESSANDRO, ESQ.
16
17  Assistant United States Attorney
18  ATTORNEY FOR DEFENDANT:
19  ALLEN LASHLEY, ESQ.
20
21
    Court Reporter:   ALLAN R.  SHERMAN, CSR, RPR
22                    225 Cadman Plaza East Rm 374
                      Brooklyn, New York  11201
23                    Tel: (718) 260-2529  Fax: (718) 254-7237
24

25  Proceedings recorded by mechanical stenography, transcription
    by CAT.
            ALLAN R.  SHERMAN, CSR, RPR  Official Court Reporter
        United States District Court  Eastern District of New York

1    THE COURT:  At the outset, there appears to be no

2    dispute with respect to defendant's advisory guideline.  He

3    has a base offense level of 30, a deduction of two levels for

4    the safety valve, a deduction of four levels for minimal role

5    and a deduction of three levels for acceptance of

6    responsibility, resulting in an adjusted offense level of 21,

7    which at criminal history category one carries a range of

8    imprisonment of 37 to 46 months.

9           I have considered the advisory guideline.

10           Turning to the nature and circumstance of

11   defendant's offense, notwithstanding my view that

12   participation in the conspiracy to import cocaine is an

13   extremely serious criminal offense, defendant's participation

14   in that crime was of dramatically limited scope.  The sole

15   evidence of his involvement concerned the Universal scheme

16   organized by Brown with Persaud as Guyanese cocaine supplier,

17   Adams as upper level supervisor, and Weatherly as lower level

18   supervisor.

19           Watson along with three others; Barnett, Cleveland

20   Green and Small, the latter of whom after trial was granted a

21   Rule 29 motion, were loosely referred to as Weatherly's team,

22   recruit or helpers.  That team, and Watson in particular,

23   according to Weatherly's testimony, were of the most

24   peripheral assistance in the conspiracy.  More specifically,

25   Weatherly testified in June of 2003 when he went to retrieve

drugs from the Universal flight, he asked Watson, a baggage handler for Evergreen Eagle which also employed Weatherly, to "watch his back," in case something happened.

Several days later, Weatherly paid Watson $1,000 "for what went down," but did not discuss drugs with him. Weatherly also testified that a week and a half later, he again asked Watson to be "on standby to watch my back in case something went sour." Again, when Weatherly subsequently paid Watson $1,000, the two did not discuss drugs and Watson's sole response to the payment was "thank you."

The final incident with respect to which Watson's name was mentioned was the September 20th, 2003 shipment via Universal on the pallet of frozen fish which contained among others a box of 60 kilograms of cocaine destined for Brown.

Weatherly and Barnett testified about conversations with Watson that night in which they advised Watson that "something might be going down close." As Weatherly put it, in one conversation, he told Watson "the girl, meaning the drugs, is coming on Universal on a pallet," and instructed Watson that if the shipment arrived, "just watch it."

Weatherly told Watson that he, Weatherly, would deal with it, asking Watson to "just keep an eye on it."

Subsequently Weatherly told Watson to tell Barnett that it a "go." But before anyone was able to reach the plane, Customs had seized the shipment.

Notably, cooperating coconspirator Barnett testified with respect to the latter shipment that he, Watson and Cleveland Green, had in fact agreed in advance of the shipment that they would not help Weatherly at all. At most, the evidence shows that Watson functioned as a low level lookout, that he did not at least until late in his involvement even discuss with Weatherly the goal of the conspiracy and that he did not actually intend to assist Weatherly in the last shipment.

All payments to Watson for his assistance totaled no more than $2,000. And it is not clear from the evidence that Watson even understood the full scope of the enterprise nor does anything in his guilty plea allocution suggest any greater role.

In my view Watson's role was less than minimal, a circumstance suggesting that assessment of his culpability driven by the weight of narcotics is arbitrary and overstates the seriousness of his conduct.

Of greater significance for purposes of this analysis, I view Watson's actual role in the crime as dramatically mitigating the seriousness of his criminal conduct. On the other hand, I consider the nature and circumstance of the offense as I have in the case of the other airport employees as an exacerbating factor in that he made use of his job position at JFK Airport in committing the crime

1  of which he was convicted.  Although I found that the

2  government failed to present evidence sufficient to find by a

3  preponderance that law enforcement authorities in fact reposed

4  trust in the airport employees, a finding essential to the

5  imposition of the abuse of trust enhancement under the

6  guidelines, there is ample evidence in the record to establish

7  that defendant took advantage of his job in committing these

8  offenses, a job that though not established to be a repository

9  of trust by law enforcement, is nonetheless a highly sensitive

10  one due to the enhanced societal dangers posed by corruption

11  at a major international port or airport such as John F.

12  Kennedy Airport.

13          That said, however, I view that exacerbating factor

14  as far outweighed by the factors mitigating the seriousness of

15  defendant's offense, most prominently the circumscribed role

16  that he played in the conspiracy, so limited as to confer

17  virtually no benefit on the criminal enterprise and the less

18  than meager compensation he received for doing almost nothing.

19          I also note that similar to the other defendants in

20  this case, he possessed no weapons and engaged in no violence.

21          Turning to the history and characteristics of the

22  defendant, Mr. Watson is a 28 year old permanent resident from

23  Jamaica.  He has never before been convicted or arrested or

24  had any prior brushes with the law, and based on material just

25  handed to me by defense counsel, it's apparent that since his

1  arrest, he has been gainfully employed.

2        Given all of the facts and circumstances pertaining

3  to the defendant and his offense, I believe that a sentence of

4  six months imprisonment is sufficient but not unduly severe to

5  accomplish the goals of sentencing enumerated in Section

6  3553(a).

7        Although the nature of the offense is certainly a

8  serious one, defendant's de minimus involvement strongly

9  suggests that the chosen prison term amply serves the goal of

10  just punishment.

11        Further, in my estimation, the facts and

12  circumstances of this case point to a virtually nonexistence

13  risk of recidivism, a risk that is even further diminished by

14  the likelihood of defendant's deportation following his

15  release from incarceration, strongly suggesting that the

16  suggested sentence also amply serves the goal of protecting

17  the public against the further acts of the defendant.

18        The same factors render this sentence sufficient to

19  serve the goal of general deterrence and insure against the

20  imposition of sentences creating unwarranted disparities.

21        In this regard, I believe this term of imprisonment

22  is of sufficient severity in the circumstance of this case to

23  serve as a deterrent to other airport employees who might

24  otherwise succumb to the temptation to corrupt their sensitive

25  positions for pecuniary or other person gain.

1    I therefore sentence Mr. Watson to the custody of

2  the Attorney General for a period of six months to be followed

3  by a five year period of supervised release with special

4  conditions that if deported, he not illegally reenter the

5  United States, and I prohibit the possession of a firearm.

6    I make a finding that he is unable to pay a fine but

7  I will impose the mandatory 100-dollar special assessment.

8    MR. D'ALESSANDRO:  The defendant as I understand it,

9  pled guilty to the third superseding indictment.  So to the

10  extent that there are outstanding counts to that indictment

11  and all other underlying indictments, we would move to dismiss

12  those.

13    THE COURT:  The motion is granted.

14    Mr. Watson, there are circumstances in which a

15  defendant may appeal the sentence.  I don't know if it applies

16  in your case but you discuss it with Mr. Lashley.  If you

17  choose to appeal, a notice of appeal must be filed within 10

18  days and undoubtedly, Mr. Lashley will continue to represent

19  you.

20    MR. LASHLEY:  Two requests.

21    Can Mr. Watson surrender in 30 days?

22    THE COURT:  It's more than that.

23    Do you have a requested designation?  He will

24  probably be put in MDC for such a short period of time.

25    MR. LASHLEY:  Yes.

1      THE CLERK:  May 23rd at 12 noon.

2      MR. LASHLEY:  May 23rd.

3      Thank you, judge.

4      (Matter concluded.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ALLAN R. SHERMAN, CSR, RPR  Official Court Reporter
United States District Court   Eastern District of New York